UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**

APR 2 6 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RYAN ISAAC KOLKMEIER, | ) **4:23CR224 MTS/SRW** |
| | ) |
| Defendant. | ) |

## INDICTMENT

## COUNT I

The Grand Jury charges that:

At all times pertinent to the charges in this indictment:

1. Federal law defined the term

(a) "minor" to mean any person under the age of eighteen years (18 U.S.C. § 2256(1));

(b) "sexually explicit conduct" to mean actual or simulated--

(i) sexual intercourse, including genital-genital, anal-genital, oral-genital, oral-anal, whether between persons of the same or opposite sex,

(ii) bestiality,

(iii) masturbation,

(iv) sadistic or masochistic abuse, or

(v) lascivious exhibition of the genitals or pubic area of any person (18 U.S.C. §2256(2)(A));

1

(c)     "visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format (18 U.S.C. §2256(5));

(d)     "computer" to mean an electronic, magnetic, optical, electrochemical or other high speed data processing device performing logical, arithmetic or storage functions, including any data storage facility or communications facility directly related to or operating in conjunction with such device.  (18 U.S.C.§ 2256(6));

(e)     "child pornography" to mean any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where--

> (A)     the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; or
>
> (C)     such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct. (18 U.S.C.§2256(8)).

2.     The "Internet" was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files

3.     Between on or about September 1, 2022, and on or about December 13, 2022, within the Eastern District of Missouri and elsewhere,

**RYAN ISAAC KOLKMEIER,**

the defendant herein, did knowingly distribute child pornography using any means or facility of interstate or foreign commerce or that has been transported in or affecting interstate or foreign commerce by any means, including by computer, namely, the defendant knowingly distribute via the internet, digital files of child pornography including, but not limited to:

a. "girl gracel hmm man pthc sound_of_silence vaginal.mpg," a video file that depicts, in part, an adult male having sexual intercourse with a prepubescent minor female;

b. "girl hmm man michelle oral pthc set05p2 sound_of_silence.mpg," a video file that depicts, in part, an adult male receiving oral sex from a female toddler;

c. "girl hmm man michelle oral petting pthc set05p1 sound_of_silence.mpg," a video file that depicts, in part, an adult male being masturbated by a female toddler;

In violation of Title 18, United States Code, Section 2252A(a)(2).

## COUNT II

The Grand Jury further charges that:

1. The allegations contained in paragraphs one and two of Count I of this Indictment are incorporated by reference as if fully set forth herein.

2. Between on or about September 1, 2022, and on or about December 13, 2022, within the Eastern District of Missouri and elsewhere,

**RYAN ISAAC KOLKMEIER,**

the defendant herein, did knowingly possess visual depictions that depict minors engaging in sexually explicit conduct and which are obscene, and the visual depictions had been transported in interstate or foreign commerce by any means, including by computer, and were produced

using materials that had been transported in interstate or foreign commerce by any means, including by computer, and an instrumentality of interstate or foreign commerce was used in committing or in furtherance of the commission of the offense, namely, the defendant knowingly possessed visual depictions that depict minors engaging in sexually explicit conduct and were obscene, including but not limited to:

a. "Her Own Room," a series of images that depict, in part, an adult male digitally penetrating the genitals of, having oral sex, and sexual intercourse with a female toddler, an adult female touching the genitals of, having oral sex with, and being digitally penetrated by a male toddler;

b. "Luna & Brothers," a series of images that depict, in part, a prepubescent minor female performing oral sex on a male infant and male toddler, an adult male having anal sex with a prepubescent minor male while the prepubescent minor male is having anal sex with a male infant;

In violation of Title 18, United States Code, Section 1466A(b)(1).


## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Sections 2252A(a)(2) as set forth in Count I of the Indictment, the defendant shall forfeit to the United States of America: any visual depiction as described in Sections 2251, 2251A, 2252, 2252A or 2260 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of

Title 18; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

2. Specific property subject to forfeiture includes, but is not limited to,

    a. Samsung Galaxy A52 5G, IMEI 351980931090441;

    b. 8GB microSD Card, S/N: HXJ8B160615;

    c. Nuilaks 512GB microSDXC Card, S/N: MMCGSOYXX215F-TO;

    d. Samsung 500GB SSD, S/N: S2RANB0J220942A;

    e. Western Digital 1000GB HD, S/N: WCC6Y7EF1U02;

    f. Samsung 128GB SSD, S/N: S3T8NX1MA10672;

    g. Western Digital 500GB HD, S/N: WXC2DA1LRZ84;

    h. Western Digital 500GB HD, S/N: WX62D0N59DA;

    i. Homemade Desktop Computer, S/N: C5161015007362;

    j. HP Laptop Computer, S/N: 5CD020C6M8

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b) and by Title 28, United States Code, Section 2461(c).

A TRUE BILL.

_____
FOREPERSON

SAYLER A. FLEMING
United States Attorney

_____
NATHAN L. CHAPMAN, #60978MO